IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DARWIN ENRIQUE BELENO CRIOLLO,

Petitioner,

vs.

WARDEN OF MCCOOK DETENTION CENTER, TODD W. BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs enforcement;

Respondents.

**8:26CV565**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Darwin Enrique Beleno Criollo's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents without being afforded a bond determination. The Court concludes that because Petitioner is subject to a final order of removal, he is not eligible to be released on bond.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela. Filing No. 8 at 4. He entered the United States without inspection and was arrested by Border Patrol on September 13, 2023. On September 16, 2023, Respondents served Petitioner with a notice to appear and released him on his own recognizance. Filing No. 8 at 4. Petitioner filed for asylum but failed to appear for his immigration hearing and was ordered removed in absentia on August 4, 2026. Filing No. 8 at 4; Filing No. 8-2 at 1.

On September 8, 2026, ICE was performing surveillance in Omaha, Nebraska, and located a vehicle with Petitioner listed as the registered owner. Filing No. 8 at 4. ICE stopped the vehicle and arrested Petitioner on his outstanding removal order. Filing No. 8 at 4; Filing No. 8-3. On September 17, 2026, Petitioner filed a motion to reopen his in absentia removal order based on a lack of notice. Filing No. 1 at 5; Filing No. 8 at 5. That motion remains pending, and Petitioner remains detained.

Petitioner files for habeas corpus relief, arguing he must be released. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner has been ordered removed. Once a non-citizen has been ordered removed, "[d]uring the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). Thus, this Court has no authority to order release of an alien subject to a final order of removal.

Petitioner argues he was not aware of the immigration court date at which he was ordered removed in absentia and has moved to reopen his removal proceedings on that basis. Filing No. 1 at 6. A lack of notice may provide a basis for recission of Petitioner's

removal order. *See* 8 U.S.C. § 1229a(b)(5)(C) (vesting the authority to rescind a removal order in the immigration judge in certain enumerated circumstances including a lack of notice). However, the immigration judge has not yet determined Petitioner's removal order should be rescinded and it thus remains in effect. Petitioner's filing of a motion to reopen stays his removal until the immigration judge rules but does not require or allow for his release. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii) ("The filing of the motion to reopen . . . shall stay the removal of the alien pending disposition of the motion by the immigration judge."). At the present time, Petitioner is subject to a valid removal order and because of such order, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). The Court lacks authority to order Petitioner's release as he seeks.

As Respondents note, there is also a potential issue based on the length of Petitioner's post-removal order detention, but this argument must fail at the present time.

Once an alien has been ordered removed, he or she is subject to mandatory detention during the initial ninety-day removal period. 8 U.S.C. § 1231(a)(6). If the alien is not removed after this ninety-day removal period, release is not automatic. Rather, the United States is allowed to determine if further detention is warranted or if the individual should be released under supervision. 8 C.F.R. § 241.4(i). However, the Supreme Court has determined that an alien may not be detained indefinitely beyond the removal period. Examining the legislative history, the Court found congressional intent that detention of less than six months is generally acceptable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Beyond this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

First, Petitioner does not advance a *Zadvydas* argument in his Petition and does not argue the length of his detention requires release, and for that reason alone the Court cannot grant him relief on that basis. Second, however, even if the Court were to construe his Petition as asserting a *Zadvydas* claim, he has been detained for less than ninety days, placing him squarely within the mandatory post-removal detention period.

Should the immigration judge rescind Petitioner's in absentia removal order, his prior order of release on recognizance would require his release, absent a bond hearing demonstrating changed circumstances warranting his detention. Likewise, should Petitioner remain detained for more than sixth months, he may assert a *Zadvydas*-based habeas corpus claim, keeping in mind that he bears the burden to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Absent either of these occurrences, however, the law requires Petitioner's detention.

Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. The Court will enter a separate judgment.

Dated this 13th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge